UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOWNSEND BENNETT | CIVIL ACTION |
| VERSUS | NO. 06-1754 |
| MARLIN GUSMAN | SECTION "K" (2) |

### FINDINGS AND RECOMMENDATION

Plaintiff, Townsend Bennett, is a prisoner incarcerated in the Hunt Correctional Center in St. Gabriel, Louisiana. He filed the captioned suit pursuant to 42 U.S.C. § 1983 alleging that he was denied treatment for tuberculosis while incarcerated in the Orleans Parish Prison ("OPP") during Hurricane Katrina. Plaintiff seeks monetary damages. Record Doc. No. 1, Complaint at ¶¶ IV and V.

By order dated April 18, 2006, plaintiff was required to provide to the court (1) a written list of the full names of all persons whom plaintiff contends violated his constitutional rights under the facts alleged in this lawsuit; (2) a written statement advising the court whether plaintiff is presently incarcerated based on a conviction and, if so, the date of conviction; (3) a written statement of the facts expected to be offered at trial, either orally or as documents; (4) a complete and specific list of all documents to be offered at trial; and (5) a complete list of all witnesses to be called at trial, including

the name and address of each witness and a separate summary of the expected testimony of each witness. Record Doc. No. 4. Shortly thereafter, the court learned that plaintiff's name and prisoner number, as set out in the caption of his complaint, were incorrect. Accordingly, the Clerk was directed to revise the court's record to reflect plaintiff's correct name and prisoner number. Record Doc. No. 7. Consequently, the court's April 18, 2006 order, Record Doc. No. 4, sent to plaintiff at an address containing the erroneous information, was returned to the court. Record Doc. No. 11.

Because the court's previous order was returned to the court, on May 4, 2006, a second order was issued requiring plaintiff, as before, to provide to the court a statement of facts and a list of witnesses and exhibits no later than May 26, 2006. Record Doc. No. 13. In response to the court's May 4, 2006 order, plaintiff requested and received by order dated June 2, 2006, an extension of time until June 30, 2006, to provide to the court a statement of facts and list of witnesses and exhibits. A review of the record indicates that this order was mailed to plaintiff at the Hunt Correctional Center, as indicated on his complaint and the envelope containing his recent motion for extension of time, as his current place of incarceration. This order has <u>not</u> been returned to the court and no response from plaintiff has been received. Record Doc. Nos. 14 and 15.

Accordingly, on July 6, 2006, plaintiff was ordered to show cause why his suit should not be dismissed for failure to prosecute based on his failure to comply with the

court's previous order dated June 2, 2006, which had granted plaintiff until June 30, 2006 to file a response. Alternatively, plaintiff was again ordered to file his written statement of facts, witnesses and exhibits no later than July 28, 2006. Record Doc. No. 16. This order has <u>not</u> been returned to the court and no response from plaintiff has been received.

After revision of the court's record to reflect plaintiff's proper name and prisoner number, no mail addressed to plaintiff has been returned to the Clerk's Office. However, all litigants are obligated to keep the court advised of any address change. Local Rules 11.1E and 41.3.1E. In addition, the complaint form used by plaintiff to institute this action contains the following declaration dated February 1, 2006 and signed by plaintiff: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." Record Doc. No. 1, Complaint at ¶ V.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. <u>Hulsey v. State of Texas</u>, 929 F.2d 168, 171 (5th Cir. 1991); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988); <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the

court's order.  Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986).  Since the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b).  A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.  Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

The court has attempted through its orders and additional efforts to locate plaintiff to have him provide it with the information necessary to prosecute plaintiff's case. Plaintiff's failure to comply with the court's June 2 and July 6, 2006 orders clearly reflects a failure on the part of plaintiff to prosecute.

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge.  Plaintiff is advised that he may object to the Magistrate Judge's proposed Findings and Recommendation within ten (10) days from the date of service of this report.  The plaintiff is advised that any objection should be in writing and filed with the Clerk of the

United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders.  It is further suggested that the plaintiff should also provide the court with the information requested in the court's previous orders as detailed above.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit.  A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

## **RECOMMENDATION**

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Townsend Bennett be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this __23rd__ day of August, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE